(121 App. Div. 559.)

PEOPLE ex rel. CASAVOY et al. v. DIMOND et al., Board of Town Assessors.

(Supreme Court, Appellate Division, Second Department.   October 18, 1907.)

1. TAXATION—MORTGAGES—STATUTES.

Under Laws 1906, p. 1448, c. 532, substituting a recording tax on mortgages thereafter made, and exempting the mortgages so taxed from taxation by local authorities, in place of the tax imposed by Laws 1905, p. 2059, c. 729, mortgages became subject to general taxation, as provided by Tax Law, Laws 1896, p. 796, c. 908, §§ 2, 3.

2. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACT—CONTRACTS BETWEEN STATE AND INDIVIDUAL.

Laws 1906, p. 1448, c. 532, imposing a recording tax on mortgages in the place of the tax prescribed by Laws 1905, p. 2059, c. 729, was not unconstitutional, as impairing a contract between the state and individuals created by the act of 1905.

Appeal from Special Term, Westchester County.

Certiorari to review the action of the assessors of the town of Cortlandt, in Westchester county, in assessing mortgages of relators for general taxation.   From a judgment dismissing the writ, relators appeal.   Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Nathan P. Bushnell, for appellants.

Robert McCord, for respondents.

GAYNOR, J.   By chapter 729, p. 2059, of the Laws of 1905 provisions were added to the tax law by which mortgages on real estate were taxed one-half of one per cent. annually, and exempted from taxation by local authorities (Tax Law, art. 14).   By chapter 532, p. 1448, of the Laws of 1906 this scheme was superseded by provisions which substituted a recording tax on mortgages thereafter to be made, and exempting all mortgages so taxed from taxation by local authorities. The provisions for the tax of one-half of one per cent. on previous mortgages was dropped, and no other tax was prescribed in its stead. This left such mortgages subject to general taxation under sections 2 and 3 of the tax law, which include mortgages in the enumeration of taxable property.   The contention that this is unconstitutional for impairing a contract between the state and individuals by the said act of 1905 is based on nothing and requires no discussion.

The judgment should be affirmed, with costs.   All concur.